Mackenzie v Emigrant Mtge. Co., Inc. (2018 NY Slip Op 06200)





Mackenzie v Emigrant Mtge. Co., Inc.


2018 NY Slip Op 06200


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Friedman, J.P., Kapnick, Kahn, Oing, JJ.


7106 310625/10

[*1]Lionel F. Mackenzie, Plaintiff-Appellant,
v
Emigrant Mortgage Company, Inc., Defendant-Respondent.


Fedrizzi & Associates, P.C., Astoria (Linda F. Fedrizzi of counsel), for appellant.
Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City (Ronald M. Terenzi of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about June 20, 2017, which granted defendant's motion to dismiss the complaint with prejudice pursuant to CPLR 3211(a)(1) and (7) and CPLR 3212, unanimously affirmed, with costs.
Defendant demonstrated that it is not obligated to proceed with a proposed loan to plaintiff at an interest rate of 4.375%. Contrary to plaintiff's contention, the loan documents are complete, clear and unambiguous, and therefore must be enforced in accordance with their plain meaning (see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 60 AD3d 61, 66 [1st Dept 2008], affd 13 NY3d 398 [2009]). The loan commitment letters, dated October 15, 2010, and December 16, 2010, and the Interest Rate Election Agreement executed by the parties on September 8, 2010, provided that if the loan closed on or before November 7, 2010, then the interest rate would be 4.375%, and that if "for any reason" the loan did not close by that date, then the interest rate would be subject to change. The loan did not close on or before the November 7, 2010 lock-in expiration date. Plaintiff does not dispute that as of that date defendant had not received all the required documents listed in the loan commitment letter, a condition of closing.
Plaintiff's remaining arguments are unpreserved and in any event unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK